UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANTHONY CALDWELL, | ) | No.  CV 04-6926-JTL |
| | ) | |
| Plaintiff, | ) | |
| | ) | MEMORANDUM OPINION AND ORDER |
| v. | ) | |
| | ) | |
| JO ANNE B. BARNHART, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**PROCEEDINGS**

On August 23, 2004, Anthony Caldwell ("plaintiff") filed a Complaint seeking review of the Commissioner's denial of his application for supplemental security income benefits.  On March 8, 2005, defendant filed an Answer to Complaint.  On May 3, 2005, the parties filed their Joint Stipulation.  Thereafter, the parties filed a Consent to Proceed Before United States Magistrate Judge Jennifer T. Lum.

The matter is now ready for decision.

///

///

**BACKGROUND**

On March 28, 1997, plaintiff filed an application for supplemental security income benefits. (Administrative Record ["AR"] at 81-97). Plaintiff alleged that, beginning January 1, 1993, he was unable to work because of the following impairments: seizures, jerking, and obsessive compulsive disorder. (AR at 15, 86). The Commissioner denied plaintiff's application for benefits, initially and upon review. (AR at 49-52). After a hearing, plaintiff's application for benefits was again denied. Plaintiff did not appeal. (AR at 15).

On October 28, 1999, plaintiff filed the instant application for supplemental security income benefits. (AR at 98-112). Plaintiff alleged that, beginning January 1, 1993, he was unable to work because of the following impairments: seizures, jerking, and obsessive compulsive disorder. (AR at 15, 99). The Commissioner denied plaintiff's application for benefits, initially and upon review. (AR at 46-47, 48). On March 26, 2001, plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR at 71-72). On December 13, 2001, the ALJ conducted a hearing in Los Angeles, California. (AR at 24-42). Plaintiff appeared at the hearing with his counsel, and testified. (AR at 27-38). Marjorie Golter, a vocational expert, also testified. (AR at 39-41).

On August 22, 2002, the ALJ issued his decision denying benefits. (AR at 15-18). In his decision, the ALJ concluded that plaintiff suffered from the following severe impairments: narcolepsy, depression, and seizures. (AR at 16). According to the ALJ, however, these impairments did not meet or equal any of the criteria contained in the Commissioner's Listing of Impairments, 20 C.F.R. Section 404,

2

Subpart P, Appendix 1. (AR at 16). The ALJ concluded that plaintiff retained the residual functional capacity to perform a narrow range of medium work. (AR at 17-18). Ultimately, the ALJ found that plaintiff was not disabled pursuant to the Social Security Act. (AR at 17).

Plaintiff filed a request with the Appeals Council for review of the ALJ's decision. The Appeals Council subsequently affirmed the ALJ's decision. (AR at 6-9).

**PLAINTIFF'S CONTENTION**

Plaintiff contends that the ALJ erred in failing to properly consider the opinion of plaintiff's examining physician.

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and whether the proper legal standards were applied. DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991). Substantial evidence means "more than a mere scintilla" but less than a preponderance. Richardson v. Perales, 402 U.S. 389, 401 (1971); Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 575-76 (9th Cir. 1988).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401. This Court must review the record as a whole and consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). Where evidence is susceptible of more than one rational interpretation, the ALJ's decision must be upheld. Gallant v. Heckler, 753 F.2d 1450, 1452 (9th Cir. 1984).

**DISCUSSION**

**A.   Whether the ALJ Properly Considered the Opinion of Plaintiff's Examining Physician**

In his sole claim, plaintiff contends that the ALJ did not properly consider the opinion of his examining physician, Miriam Andrade, M.D. Specifically, plaintiff argues the ALJ did not provide specific and legitimate reasons for rejecting Dr. Andrade's opinion that plaintiff "cannot hold a job and follow a schedule appropriately without supervision." (AR at 274). As discussed below, the Court disagrees.

**1.   Specific and Legitimate Reasons**

In his decision, the ALJ cited to the opinions of three examining physicians, Robert A. Moore, M.D., Dr. Andrade, and Sarah L. Maze, M.D. (AR at 267-70, 271-74, 289-293). In a Neurological Evaluation dated July 29, 1997, Dr. Moore noted no focal abnormalities. (AR at 270). Although Dr. Moore found that plaintiff should not climb, balance or work at heights, or work around moving machinery or operate a motor vehicle, he opined that plaintiff could sit, stand, walk, bend, stoop, lift, carry, and use upper extremities in an unrestricted manner. (Id.). He also determined that plaintiff could operate foot and hand controls, push and pull, use tools, and perform simple gripping and fine coordinated movements with his fingers. (Id.). On August 8, 1997, Dr. Andrade conducted a Complete Psychiatric Evaluation on plaintiff, determining that plaintiff could follow simple two-step instructions. (AR at 274). Dr. Andrade further opined that plaintiff could not relate or interact well with supervisors, co-workers, and the public based on his flat affect and that he was not able to maintain concentration and attention for a

4

long period of time, and needed to be prompted and reminded to do simple activities. (AR at 274). Ultimately, Dr. Andrade concluded that plaintiff could not hold a job or follow a schedule appropriately without supervision. (Id.). Most recently, Dr. Maze completed a Neurological Evaluation dated February 15, 2000, in which he observed that plaintiff had no significant psychiatric disorder. (AR at 292). Dr. Maze further opined that plaintiff was able to stand, walk, lift, push, pull, and carry without restriction and perform fine motor activities with his arms and legs. (AR at 292). The ALJ's decision relied on the opinions of Drs. Moore and Maze.[1]

Although the ALJ cited to Dr. Andrade's findings, plaintiff claims that the ALJ erred by failing to state specific and legitimate reasons for rejecting the portion of Dr. Andrade's opinion that found plaintiff was unable to work without supervision. (AR at 274, 16). An ALJ is not bound by an examining medical expert's opinion, and he may reject or discredit such an opinion. Gallant v. Heckler, 753 F.2d 1450, 1454 (9th Cir. 1984). But where no evidence contradicts the examining physician's opinion, the ALJ must provide "clear and convincing" reasons to reject the opinion. See Lester v. Chater, 81 F.3d 821, 830 (9th Cir. 1996) ("As is the case with the opinion of a

---

[1] Although the ALJ did not cite his opinion, Jobst Singer, M.D., another examining physician, completed a Neurological Evaluation dated April 20, 2000, in which he assessed plaintiff with a fair prognosis with treatment. (AR at 294-300). Dr. Singer opined that plaintiff was unimpaired in his ability to understand, remember, and perform instructions or to relate and interact with co-workers and the public, and moderately impaired for complex tasks. (AR at 299). Overall, he determined that plaintiff exhibited no psychiatric factors that would significantly interfere with his ability to complete a normal day of work other than his reported obsessive compulsive disorder symptoms and narcolepsy. (Id.).

5

treating physician, the Commissioner must provide 'clear and convincing' reasons for rejecting the uncontradicted opinion of an examining physician."). If medical evidence in the record contradicts the examining physician's opinion, as in the instant case, the ALJ must still provide "specific and legitimate" reasons to reject his opinion. See id.; see also Andrews v. Shalala, 53 F.3d 1035, 1042 (9th Cir. 1995). Furthermore, the ALJ possesses the sole discretion to resolve conflicts between conflicting medical evidence. Andrews, 53 F.3d at 1041 ("Where the opinion of the claimant's treating physician is contradicted, and the opinion of a nontreating source is based on independent clinical findings that differ from those of the treating physician, the opinion may itself be substantial evidence; it is then solely the province of the ALJ to resolve the conflict.").

Here, the ALJ provided specific and legitimate reasons for rejecting Dr. Andrade's opinion, namely that it was contradicted by Drs. Moore and Maze. (AR at 17). The ALJ specifically noted the unremarkable evaluation of Dr. Moore, as well as the normal MRI and EEG studies in support of his evaluation. (Id.). The ALJ also noted that Dr. Maze opined that no significant psychiatric disorder was readily apparent to her and cast doubt on plaintiff's complaints of seizures and narcolepsy. (AR at 16). The ALJ chose to rely on the opinions of Drs. Moore and Maze, which were supported by the independent clinical findings of each physician. As noted above, it is within the ALJ's sole province to resolve conflicting medical opinions. Andrews, 53 F.3d at 1041. As such, the ALJ's decision to reject Dr. Andrade's opinion in favor of Drs. Moore's and Maze's conclusions was not in error.

///

      **2.   Res Judicata**

    In the Joint Stipulation, the Commissioner contends that <u>res judicata</u> applies to plaintiff's contention of disability prior to January of 1998. (Joint Stipulation at 8). In his decision, the ALJ noted, "The onset date asserted of January 1, 1993, is res judicata. The claimant's subject Title XVI application bears a protective filing date of October 28, 1999, and continues to assert an inability to engage in work activity due to narcolepsy, anxiety and seizures." (AR at 15). Thus, the Commissioner claims, Dr. Andrade's opinion, which was rendered on August 8, 1997, does not apply to his alleged disabled status in the instant case because the ALJ applied <u>res judicata</u> to the ALJ's August 29, 1997 denial of plaintiff's first application for disability benefits. Furthermore, the Commissioner cites to the more recent opinions of Dr. Singer and William Cogle, M.D., a State Agency psychiatrist, who opined on August 25, 2000 that plaintiff did not suffer from a severe impairment. (AR at 315). Plaintiff, according to the Commissioner, failed to demonstrate any changed circumstances indicating that his condition has worsened since January of 1998. <u>Chavez v. Bowen</u>, 844 F.2d 691, 694 (9th Cir. 1988). Thus, the Commissioner claims that the ALJ properly rejected Dr. Andrade's opinion because it was rendered before the relevant time period and plaintiff's condition appears to have improved since Dr. Andrade rendered her opinion.

    Plaintiff challenges the Commissioner's interpretation that the ALJ applied the <u>res judicata</u> doctrine to the August 29, 1997 denial of plaintiff's first application for disability benefits. Plaintiff contends that the ALJ only determined that plaintiff's claim was <u>res judicata</u> as of the onset date of January 1, 1993. Plaintiff notes

that the ALJ cited to medical evidence prior to August 29, 1997, namely Dr. Andrade's opinion, in support of his decision. Plaintiff argues that the ALJ's reference to Dr. Andrade's assessment demonstrates his implicit intent to reopen the prior denial. (Joint Stipulation at 10). Plaintiff also notes that the ALJ did not mention or conduct a Chavez analysis, so the showing of changed circumstances does not apply to the instant case.

The res judicata doctrine serves two functions in social security cases. First, an ALJ may apply "res judicata to bar reconsideration of a period with respect to which she has already made a determination, by declining to reopen the prior matter. As a general matter, the [ALJ]'s refusal to reopen her prior decision is not subject to judicial review ." Lester v. Chater, 81 F.3d 821, 827 (9th Cir. 1996) (emphasis in original); see Brawner v. Secretary of Health and Human Servs., 839 F.2d 432, 433 (9th Cir. 1987) ("Brawner did not appeal, and that decision precludes him from arguing that he was disabled as of that date."). Second, res judicata "creates a presumption that [the claimant] continu[es] to be able work to after [the date of the prior decision]." Miller v. Heckler, 770 F.2d 845, 848 (9th Cir. 1985).

Here, the plain language of the ALJ's decision clearly applied the res judicata doctrine to the August 29, 1997 decision. (AR at 15). Thus, plaintiff bore the burden of overcoming the presumption that he was able to work after August 29, 1997 by showing "changed circumstances" indicating a greater disability. Heckler, 770 F.2d at 848; Odom v. Sec. of Health and Human Servs., 1992 WL 103692, at *3 (E.D. Cal. March 3, 1992). Although the changed circumstances standard was not explicitly addressed by the ALJ in his decision,

plaintiff is not absolved from overcoming this presumption simply because the ALJ cited to Dr. Andrade's opinion in his decision. Plaintiff cited no authority in support of his claim that the ALJ's reference to Dr. Andrade's opinion constituted a reopening of the case in which the Commissioner had previously denied plaintiff benefits. Furthermore, the medical evidence subsequent to the August 29, 1997 decision indicates that plaintiff's medical condition has improved. As the Commissioner noted, the ALJ's ultimate finding that plaintiff was not disabled comports with the more recent medical opinions of Drs. Singer and Cogle in 2000.  Thus, the Court finds that the <u>res judicata</u> doctrine applies to the instant case and the ALJ's decision did not reopen the prior denial.  As such, even assuming that the ALJ's reasons for rejecting Dr. Andrade's opinion were not sufficiently specific and legitimate, Dr. Andrade's opinion was barred by the doctrine of <u>res judicata</u>.

**ORDER**

After careful consideration of all documents filed in this matter, this Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the proper legal standards.  The Court, therefore, AFFIRMS the decision of the Commissioner of Social Security Administration.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

DATED: October 21, 2005

/S/ JENNIFER T. LUM
JENNIFER T. LUM
UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28